**Jacob R. McVEY, Respondent,**

v.

**ST. LOUIS PUBLIC SERVICE COMPANY,**
a Corporation, Appellant.

No. 47674.

Supreme Court of Missouri,

Division No. 1.

June 13, 1960.

Motion for Rehearing or to Transfer to Court en Banc Denied July 11, 1960.

---

Frank B. Green, St. Louis, for appellant.

James F. Koester, St. Louis, for (plaintiff) respondent, Joseph W. Toeniskoetter, St. Louis, of counsel.

HYDE, Judge.

Action for damages for personal injuries sustained when defendant's bus struck the rear of plaintiff's automobile. Plaintiff had verdict for $8,100 and defendant has appealed from the judgment entered.

Defendant's only claim of error is giving Instruction No. 1, which authorized a verdict for plaintiff. Therefore, the facts may be briefly stated. Plaintiff's evidence showed that, driving east on Olive Street intending to turn south on Twelfth Street, he had to stop near the south curb because a bus of defendant ahead of him had stopped at this intersection, in the zone marked for defendant's use in loading and unloading passengers, and there was traffic in the lane on plaintiff's left. This loading zone was estimated as extending from 50 to 75 feet west from Twelfth Street. While plaintiff's car was stopped there, about 10 feet behind the bus in front of him, it was struck in the rear by another bus of defendant. The main fact issues appear from Instruction No. 1 and Instruction No. 4 which authorized a verdict for defendant and which were as follows:

"No. 1. The Court instructs the jury that if you find and believe from the evidence that on the occasion mentioned in evidence the automobile which was being operated by the plaintiff was headed in an eastwardly direction on Olive Boulevard and that he was in the lane to the right of the center of said Olive Boulevard, and that the Defendant's motor bus was being operated by its agent, chauffeur and employee, and was west of the automobile in which plaintiff was seated, and that said motor bus was being operated in an eastwardly direction on said Olive Boulevard, and that the motor bus of the defendant overtook the automobile of the plaintiff, if you so find, and that the defendant was thereby negligent, if you so find, and if you further find that the plaintiff was in the exercise of the highest degree of care for his own safety at said time and place, if you so find, and if you further find that the defendant negligently and carelessly allowed its said motor bus to run into and collide with the rear-end of the automobile in which plaintiff was seated, if you so find, and that as a direct result of such negligence, if any, on the part of the defendant, the plaintiff was thereby injured, then, and in that event, the plaintiff is entitled to recover, and your verdict must be in favor of the plaintiff and against the defendant."

"No. 4. The Court instructs the jury that if you believe and find from the evidence that when the bus driver, Charles Anthony, applied the foot brake of said bus in order to bring the bus to a stop behind plaintiff's automobile the foot brakes completely failed to function so as to check the speed of the bus, and if you find that immediately thereafter Mr. Anthony applied the emergency hand brake in an effort to stop the bus but was unable to stop in time to avoid the col-

lision, and if you further find that at all times, both before and after the failure of the foot brake, Mr. Anthony was exercising the highest degree of care and was not negligent in any manner and would have been able to stop said bus in time to have avoided the collision had not the foot brake failed to function, then, under the law of this state, the plaintiff is not entitled to recover and your verdict must be in favor of the defendant, St. Louis Public Service Company."

At the trial, defendant's driver testified that his brakes operated normally from the time he took the bus out at 7:00 A.M. until the time of the collision about 9:00 A.M. He also said that just before the collision, while driving east on Olive Street, he made a stop at Fourteenth Street and leaving there had a signal for the next stop which was Twelfth Street. At the trial, he said he made the first application of the brakes about 100 feet east of Thirteenth Street, estimating that he was then about 200 feet west of Twelfth Street, when he was driving about 15 miles per hour. (He also said between 10 and 15 miles per hour.) He said he pumped the foot brake five or six times and then pulled the emergency brake and estimated that he had slowed to five miles per hour at the time of the impact. He said on cross-examination that he went about 150 feet trying to use the foot brake, without applying the hand brake, and that after he applied the hand brake he went another 75 feet before the collision. He also admitted that in his deposition he had said that he first applied the foot brake as he crossed Thirteenth Street and that he had said that 60 or 70 feet past Thirteenth Street he grabbed the hand brake. In explanation of these discrepancies, he said: "The incident happened so fast—I am just giving you the best of my ability, as I can remember it." Passengers heard the driver say the foot brake failed and plaintiff said he so stated after the collision.

Defendant's first contentions as to Instruction 1 are that plaintiff's petition predicated liability solely upon respondeat superior on the negligence of the bus driver but a finding of this essential element was not required; that it authorized a verdict merely upon finding the bus overtook and collided with the rear of plaintiff's car; that it ignored defendant's evidence of a sudden brake failure because of which the driver was unable to stop short of the point of impact; and that it amounted to telling the jury that a finding of negligence of the bus driver was not an essential element of plaintiff's right to recover. Defendant next says that although plaintiff's petition made seven charges of specific negligence, Instruction 1 hypothesized a finding of general negligence. Finally defendant says that by telling the jury they could find defendant negligent upon the single finding that its bus overtook and collided with the rear of plaintiff's car, Instruction 1 assumed the controverted fact that the bus could have been stopped short of collision and thus conflicted with Instruction 4 which submitted that issue to the jury.

▬▬ Considering these contentions in inverse order, the fallacy of the last contention is that Instruction 1 did not predicate liability on the single finding that the bus overtook and collided with the rear of plaintiff's car. Instead, it required the further findings that in overtaking plaintiff's automobile "defendant was thereby negligent"; and "that the defendant negligently and carelessly allowed its said motor bus to run into and collide with the rear-end of the automobile in which plaintiff was seated." Our view is that, because of these required findings of negligence, Instruction 1 cannot be held to assume that defendant's driver could have stopped the bus short of the collision. The fact issues to be determined were whether the driver had time to stop the bus with the hand brake after he found the foot brake had failed and whether he exercised the highest degree of care to stop the bus. (Of course whether the foot brake failed was also a fact issue since it depended on the testimony and statements of defendant's driver.) These issues were submitted by Instruction 4 which

also required the jury to find that driver "both before and after the failure of the foot brake * * * was exercising the highest degree of care and was not negligent." See Wilson v. Shumate, Mo.Sup., 296 S.W.2d 72, 76. Plaintiff had evidence to support a finding of negligence from the facts of the occurrence and from the driver's conflicting testimony as to speed and distances, which considered most favorably to plaintiff would warrant a finding that the bus could have been stopped short of the collision. Evans v. Colombo, Mo.Sup., 319 S.W.2d 549, 552, cited by defendant, is not in point because the instruction in that case assumed "that defendant *operated* 'her automobile across the center line'" when plaintiff's own evidence showed skidding. In that case the real issue (negligence in causing skid or in operating the skidding car) was not submitted.

■ As to submitting general negligence, defendant cites such cases as Barber v. Kellogg, Mo.Sup., 123 S.W.2d 100, and Girratono v. Kansas City Public Service Co., 363 Mo. 359, 251 S.W.2d 59. However, we find the situation herein to be substantially the same as in Jones v. Central States Oil Co., 350 Mo. 91, 164 S.W.2d 914, 920, in which we held a similar instruction did sufficiently submit specific negligence. We said that was true because that instruction "did require a finding of plaintiff's position in a place where he had the right to be, operating his car properly as required by the highest degree of care, together with his environment and other facts of the situation which showed he could not have been negligent, and then required the finding of the affirmative act by the defendant of driving its truck into that part of the highway and against the rear end of plaintiff's car." Likewise, in this case, Instruction 1 required a finding of plaintiff's position where he had the right to be (headed easterly in a lane to the right of the center of Olive); operating his car properly as required by the highest degree of care (that plaintiff was in the exercise of the highest degree of care for his own safety); other

facts of the situation which showed he could not have been negligent (that he was overtaken by defendant's bus when he was in such proper position); and required the finding of an affirmative act of driving its bus against the rear of plaintiff's car (negligently and carelessly allowed its motor bus to run into and collide with the rear of plaintiff's car.) As we noted in the Jones case (164 S.W.2d loc. cit. 918–919) similar submissions previously had been held to submit specific negligence in earlier cases cited. (See also State ex rel. Spears v. McCullen, 357 Mo. 686, 210 S.W. 2d 68; Witherspoon v. Guttierez, Mo.Sup., 327 S.W.2d 874; Hughes v. St. Louis Public Service Co., Mo.App., 251 S.W.2d 360; Crosby v. St. Louis County Cab Co., Mo. App., 320 S.W.2d 944; see also Rosenfeld v. Peters, Mo.Sup., 327 S.W.2d 264, 269, for an instruction which did not properly submit such negligence.) Upon the authority of these cases, we hold Instruction 1 was not a submission of general negligence. There was no issue in this case as to a sudden stop of plaintiff's car as in Doggendorf v. St. Louis Public Service Co., Mo.App., 333 S.W.2d 302, and Pijut v. St. Louis Public Service Co., Mo.Sup., 330 S. W.2d 747.

■ As to defendant's remaining contentions, we cannot agree that this instruction did not submit the respondeat superior theory of liability and require a finding of the bus driver's negligence. It commenced by requiring a finding that defendant's bus "was being operated by its agent, chauffeur and employee"; it then required a finding that the bus overtook plaintiff's car and that this was negligence; and finally it required the finding that "the defendant negligently and carelessly allowed its said motor bus to run into and collide with the rear end of the automobile" of plaintiff. Our view is that, reasonably construed, this instruction could only have been understood to refer to the negligence of defendant's employee whom the jury was required to find was operating the bus. We note that the required finding as to colliding with the rear

end of plaintiff's car was substantially the same as the similar finding required in Jones v. Central States Oil Co., supra (164 S.W.2d loc. cit. 917), both using only the designation "defendant" rather than "defendant's chauffeur" or "defendant's employee." While it would be better, clearer and more technically correct to have used these latter terms, we do not believe the jury could have been misled as to this meaning. The fact controversy was about what the driver could or could not have done and whether he was or was not negligent in failing to stop the bus short of the point of impact. We think these issues were sufficiently submitted to the jury by Instruction 1 and Instruction 4 for the jury to understand what it was required to decide. Our view is that this situation falls within the rule stated in Hooper v. Conrad, 364 Mo. 176, 260 S.W.2d 496, 501, "that if either of the parties deems a hypothesized fact or situation not to have been clearly or sufficiently hypothesized in any instruction, he should offer a clarifying or amplifying instruction." This is a recognition and amplification of the rule stated in McDonald v. Kansas City Gas Co., 332 Mo. 356, 59 S.W.2d 37, 40-41, cited by defendant that instructions not in conflict must be read and construed together. We said of the situation therein (59 S.W.2d loc. cit. 41) "the most that could be said is that this instruction was merely somewhat indefinite, or that it could more clearly state essential requirements, and that it would come within the rule above referred to and be made plain by defendants' instruction." We think that is the situation in this case and that the fact issues were made clear by considering together Instructions 1 and 4. See also Kloeckener v. St. Louis Public Service Co., 331 Mo. 396, 53 S.W.2d 1043, 1045, in which it was contended that the use of the term "carmen" rather than "motorman" implied a duty of others to keep a lookout but this was held clarified by defendant's instruction. We, therefore, cannot agree that Instruction 1 amounted to telling the jury that a finding of the bus driver's negli-

gence was not an essential element of plaintiff's right to recover. Neither do we agree with the view implied in the briefs that the brake failure was an affirmative defense. Not only was there no mention of it in the pleadings but in any event we consider it as similar to the sole cause situation which has always been held not to be an affirmative defense. Smith v. Kansas City Public Service Co., 328 Mo. 979, 43 S.W.2d 548, 555; Long v. Mild, 347 Mo. 1002, 149 S.W.2d 853, 857. The issue here was negligence or no negligence on the part of the bus driver and the evidence of brake failure was only evidence offered from which it is claimed the jury could have found he was not negligent. We, therefore, hold that Instruction 1 was not prejudicially erroneous.

The judgment is affirmed.

All concur.