Jean BRAMSON, Plaintiff-Appellant,

v.

Don HENLEY, d/b/a Don's Truck Service, Defendant-Respondent.

No. 48402.

Supreme Court of Missouri,

Division No. 1.

Jan. 8, 1962.

Rehearing Denied Feb. 12, 1962.

Barnhart & Sommers and Don B. Sommers and David G. Dempsey, St. Louis, for appellant.

Schwartz, James & Sweet, Wilbur C. Schwartz, St. Louis (Joseph Nessenfeld, St. Louis, of counsel), for defendant-respondent.

DALTON, Judge.

Action for $50,000 damages for personal injuries alleged to have been sustained when defendant's truck collided with the rear of an automobile operated by plaintiff. Verdict and judgment were for defendant and plaintiff has appealed.

The cause was submitted by plaintiff solely on the alleged specific primary negligence of the *operator* of the truck under what has been frequently referred to as the "rear end collision doctrine." See Jones v. Central States Oil Co., 350 Mo. 91, 164 S.W.2d 914, 919(4, 5); State ex rel. Spears v. McCullen, 357 Mo. 686, 210 S.W.2d 68, 70; Vinson v. East Texas Motor Freight Lines, Mo.Sup., 280 S.W.2d 124, 133(7); Witherspoon v. Guttierez, Mo.Sup., 327 S.W.2d 874, 877(1), 880(5); Buell v. Irwin, Mo.Sup., 332 S.W.2d 929, 931(2). The fact of the collision was admitted by defendant, and defendant's defense was submitted by defendant's Instruction No. 2 on the theory that the truck driver was not negligent and the collision resulted from a sudden brake failure. The legal sufficiency of Instruction No. 2 is the sole issue presented by appellant.

Plaintiff's evidence tended to show that about 5 p. m. on June 7, 1957, she was driving a 1955 Oldsmobile coupe northwardly on Lindbergh Boulevard in the outside or right-hand lane for northbound traffic. She had entered Lindbergh, a four-lane trafficway, from St. Charles Rock Road about one mile to the south of the point of collision and she was approaching Lombardy Lane in St. Louis County at the time the collision occurred. The weather was clear, the streets dry, and plaintiff's highest speed, as she drove northwardly, did not exceed 30 m. p. h. Lindbergh crosses over Natural Bridge on a viaduct about two blocks south of Lombardy. As plaintiff left the viaduct she looked into her rear-view mirror and saw no vehicles in her lane behind her. She began to slow down as she left the bridge preparatory to making a right turn into Lombardy Lane. It is downgrade north of the viaduct. As plaintiff proceeded, she subsequently looked again in the rear-view mirror and saw no one behind her. When the collision occurred, plaintiff had just passed an automobile which had stopped in the left northbound lane with its left-turn signal on preparatory to turning left into a place on the west side of Lindbergh. Plaintiff's car was then about one house away from Lombardy Lane. While plaintiff was still proceeding north on Lindbergh, plaintiff had looked behind her for the third time and first saw the big red truck in her rear-view mirror an instant before the collision occurred. At that time there were no automobiles or people on the right shoulder of Lindbergh. According to plaintiff there were three severe impacts between the truck and her car, but only two according to defendant's truck driver. Plaintiff's car, with the truck behind it, came to a stop some distance north of the Lombardy Lane intersection. Plaintiff did not testify as to the exact speed of her automobile at the moment of the collision. Plaintiff had no recollection as to whether or not she applied her brakes after the collision. Plaintiff sustained severe injuries, but we need not review the evidence in that respect in view of the issues presented.

It was stipulated between the parties that if Eugene Leslie Agee, defendant's truck driver, were present his testimony would conform to his affidavit, as offered in evidence by defendant. The affidavit was in

part as follows: "On June 7, 1957, * * * I was employed as a truck driver by Don Henley, and had worked for him for one week. I had been working as a truck driver since 1936. While I worked for Mr. Henley I drove a 1955 truck belonging to him. * * * I had been hauling gravel to a contractor job on West Florissant and Highway 66. I was involved in an accident on June 7, 1957, at about 4:45 p. m. The truck was loaded with about 8 tons of gravel at that time. I was headed north on Highway 66 and 40 Bypass, which is a four-lane highway. I was in the right-hand, northbound lane, driving at about 35 miles per hour. I observed a 1957 Oldsmobile two-door hardtop driving in my lane ahead of me, and another car in the lefthand northbound lane ahead of us which was stopped, signalling for a left turn into a service station. The driver of the Oldsmobile slowed down by applying her brakes, as I noticed her brake light come on when she approached the car signalling for a left turn. When I saw her brake light on, I applied the brakes of the truck. The brakes pulled for a second or two, and then suddenly, without warning, the pedal went to the floor. The brakes were hydraulic. I applied the emergency hand brake, but as I was loaded and going downhill, I could not stop the truck before it hit the Oldsmobile in the rear end. At this time, I was going downhill from an overpass. At impact, the Oldsmobile was going at about 20 miles per hour, and its rear end was about even with the front of the car that was in the inner lane of northbound traffic. The driver of the Oldsmobile then applied her brakes hard and, when the Oldsmobile was about stopped, the truck struck it again. The name of the driver of the Oldsmobile was Jean Bramson, of 7 Lombardy Drive, Bridgeton, Missouri. She was taken from the scene in an ambulance. She was alone in the car at the time, and I was alone in the truck. * * * On inspection of the truck, we found the wheel cylinder had blown out. I had had no trouble with the brakes prior to this accident. * * * I don't know how many stops I made that day. I would estimate up to 50. I had full pedal until the accident."

Defendant offered other evidence tending to show that an inspection of the truck at the scene of the collision showed brake fluid on the left rear wheel; that the truck had been inspected and found in good condition on Saturday before the collision on Friday; and that an inspection of the braking system, after the accident, showed a ruptured gasket, which had allowed the brake fluid to escape. Defendant also offered evidence tending to show that the truck was equipped with an emergency or hand brake in splendid working condition and sufficient to slow the truck, but that an emergency brake was not very effective when the truck was loaded and not as effective as hydraulic brakes; that an emergency brake is effective as a holding brake but not as a stopping brake; and that "it will slow you down but it takes a long distance to stop, eventually it will."

In rebuttal plaintiff offered evidence tending to show that there was brake fluid on the left rear truck tire which appeared to have an accumulation of mud and dust on it and the fluid had soaked into the tire, which might indicate the fluid had been leaking for some time.

It will be noted that the evidence tends to show that plaintiff had been driving around 30 m. p. h. and was moving at 20 m. p. h. at the moment of the collision; that defendant's truck, with 8 tons of gravel, approached from behind plaintiff at 35 m. p. h. and ultimately collided with the rear of her automobile. We find no evidence in the record as to either the time or distance separating the front of the truck from the rear of plaintiff's automobile at the time defendant's truck driver applied his hydraulic brakes.

In view of certain alleged defects in defendant's Instruction 2, as hereinafter discussed, we should perhaps say that there

is no evidence from which an inference can be drawn that a collision would not have occurred if the hydraulic brakes had not failed. The evidence does show that by reason of the speed and weight of the truck, the slope of the ground and the *nearness* of the truck to plaintiff's automobile when the alleged "brake failure" occurred, an emergency hand brake in splendid condition was wholly inadequate to prevent the collision. Further, the record contains no evidence concerning stopping distances for the truck in question by use of either the hydraulic foot brakes or the emergency hand brake, or in view of the load and speed of the truck on the downgrade shown.

█ Before considering the questioned instruction on its merits we must consider a contention raised by respondent, which contention, if sustained, would dispose of the appeal. Respondent contends that "plaintiff was contributorily negligent as a matter of law in failing to keep a proper lookout, and therefore was not entitled to recover in any event." Respondent argues that it was a clear, bright day, with no other traffic in plaintiff's lane; that plaintiff wholly failed to see defendant's large red truck being operated behind her in her lane until the instant before the collision, although she looked in her rear-view mirror several times; that had plaintiff kept a proper lookout "she could have averted the collision either by accelerating her speed or by both accelerating her speed and completing her right turn"; and that her failure to see what was plainly visible constituted contributory negligence as a matter of law precluding her recovery, and the judgment therefore was for the right party. Respondent says there is no explanation whatsoever in the record as to why plaintiff did not see defendant's truck behind her "in time to have taken preventive action to avoid the collision."

There is conflicting evidence as to whether the truck was behind plaintiff in her lane until immediately before the collision, and from the evidence an inference could be drawn that the truck was in the lane behind the left-turn signalling car, or elsewhere, until immediately before the collision. There is no evidence that plaintiff knew or could have known of *any danger of collision* in time to have avoided it. In any event we find no substantial evidence in this record tending to show contributory negligence as a matter of law in the respects claimed. No such contributory negligence was assigned as a ground for defendant's motion for a directed verdict at the close of plaintiff's case or at the close of all the evidence. In fact, contributory negligence in the respects mentioned was not pleaded as a defense, nor was any instruction requested with respect to such an issue. The contention is overruled.

█ Defendant's Instruction No. 2 of which plaintiff-appellant complains is as follows:

"The Court instructs the jury that if you find and believe from the evidence that on the occasion mentioned in the evidence Eugene L. Agee was driving and operating defendant Donald Henley's truck in a northwardly direction on Lindbergh Boulevard, and to the rear of the automobile being driven by plaintiff, and was at all times in the exercise of the highest degree of care, and that he applied his brakes when plaintiff reduced the speed of her automobile to turn into Lombardy Lane, and that when he applied his brakes a wheel cylinder cup of the hydraulic braking system suddenly and without warning ruptured and failed, and that as a result of such failure the driver of defendant's truck was unable, in the exercise of the highest degree of care, to avoid the accident and collision mentioned in evidence, and was not negligent, and that defendant exercised the highest degree of care to inspect and maintain the brakes and braking system of his truck, and was not negligent, then plaintiff is not entitled to recover in this case, and your verdict must be for the defendant Donald Henley."

The instruction was objected to at the time it was given but no specific objections were stated. In the motion for a new trial the plaintiff complained of error in the giving of said instruction as follows, to wit: (a) because the instruction ignores the only evidence in the case as to when the brake failure occurred, to wit: the statement of the driver that when he applied the brakes they pulled for a second or two and he then applied the emergency hand brake; (b) because the instruction allows a verdict for the defendant even though the jury may have believed the defendant's driver to have been negligent in overtaking the plaintiff's automobile at such close proximity that the truck could not have stopped; (c) because the instruction allows a defendant's verdict even though the jury may have believed that, notwithstanding the failure of the brakes, the defendant could have, in the exercise of the highest degree of care, avoided the collision mentioned in the evidence by swerving the truck; (d) because the instruction allows the defendant's verdict even though the jury may have believed that the brakes on the defendant's truck may have been leaking prior to the brake failure at the time of the accident; and (e) because the instruction ignored the requirement of Section 304.560 RSMo 1949, V.A.M.S., that vehicles operated on the public highways of this State be equipped with two sets of adequate brakes kept in good working order, and the instruction does not require the jury to find that defendant's truck was so equipped or that defendant's other brakes were adequate.

Appellant now contends that Instruction 2 is erroneous (1) because it is a positive misdirection of law in that the jury was instructed therein that the failure of the hydraulic brake system was a full defense to plaintiff's charge of negligence, ignoring the requirements of Section 304.560 which required the defendant to maintain two sets of adequate brakes on his truck; (2) because the instruction allows the jury to find for the defendant simply if the brakes failed, without evidence and without requiring a finding that such brake failure proximately caused the collision; and (3) because the instruction "does not contain any elements conversing plaintiff's instructions and is, in essence, a 'sole cause' submission without negating negligence of the defendant's driver as submitted in plaintiff's instructions."

Respondent contends that the above assignments are not within the assignments specified in the motion for a new trial. Supreme Court Rule 79.03, V.A.M.R. That issue will be considered where necessary in ruling the assignments.

In support of her first assignment of error on this appeal, to wit: that Instruction No. 2 ignores the statutory requirement of two sets of adequate brakes, the appellant contends that in this instruction the defendant undertook to submit the failure of the hydraulic brakes as a legal excuse for his action in running into the rear end of plaintiff's automobile; but that an excuse to be a legal excuse must be sufficient, if true, to justify the legal conclusion that the collision was not due to any negligence on the part of the defendant. Appellant says, "Defendant obviously could not submit that his truck had no brakes as a legal excuse for the occurrence"; that "what he did submit as an excuse was that one set of brakes failed and that he was not negligent in causing the brake failure"; that to set up a legal excuse "defendant had to prove and require the jury to find that his truck was equipped with *two* sets of adequate brakes and the failure of the one caused the accident without negligence on his part." Appellant further says this error is "accentuated by defendant's own evidence showing that the emergency braking system of the truck probably was not adequate within the meaning of the statute," and the instruction was "a misdirection of law and does not embody a complete defense to the charge of negligence raised by plaintiff."

We might agree with the first part of this first assignment of error except for the fact that the assignment is *limited* to a false reason or ground, to wit: that the instruction ignored the requirements of Section 304.560(3) RSMo 1949, V.A.M.S. which requires the defendant to maintain two sets of adequate brakes on his truck. Plaintiff in her petition did plead a violation of the mentioned statute, but she wholly abandoned that assignment of negligence in the submission of her cause to the jury when, upon a detailed hypothecation of applicable facts, she submitted her cause upon the sole ground that the *operator* of said truck "negligently and carelessly allowed it to run into and collide with the rear end of plaintiff's automobile, if you so find, and that as a direct result of such negligence; if any, * * * plaintiff Jean Bramson was injured, * * *." The operator's negligence, if any, was therefore the sole negligence for the jury's consideration. McVey v. St. Louis Public Service Co., Mo.Sup., 336 S.W.2d 524, 527(4).

Failure to have the truck equipped with two sets of adequate brakes, if shown by this record, did not tend to show negligence of the operator in the operation of the truck at the time and place in question as submitted by plaintiff's Instruction No. 1. There was no evidence that the truck driver knew of any inadequacy of the brakes. It is true that the closing portion of Instruction No. 2 submitted an issue as to the exercise of the highest degree of care by the defendant in the inspection of the brakes on the truck, but plaintiff did not submit her case to the jury on any issue of inadequate brakes. The assignment is overruled.

As to the second assignment, did the instruction erroneously allow the jury to find for defendant simply if the hydraulic brakes failed, *without evidence and without requiring a finding that such "brake failure" proximately caused the collision?* It has been said that "brake failure" under somewhat similar circumstances is not an affirmative defense, but should be considered "as similar to the sole cause situation which has always been held not to be an affirmative defense." McVey v. St. Louis Public Service Co., supra, 336 S.W.2d 524, 528. The sufficiency of the submission in the instruction of "brake failure" as the proximate cause of the collision was clearly questioned by plaintiff's assignments (b), (c) and (d) in her motion for a new trial. Although the language used in the motion did not directly conform to the present assignment, yet we find that the present assignment concerning the submission of proximate cause is sufficiently within these assignments.

Appellant argues that the evidence shows that defendant's truck was operated at approximately 35 m.p.h.; that plaintiff's automobile had been proceeding at about 30 m.p.h. and had slowed to about 20 m.p.h.; that the truck overtook and collided with the rear of plaintiff's automobile; that there are *no facts in evidence* to show that defendant's operator was not negligent in overtaking and colliding with the rear of plaintiff's automobile, notwithstanding the "brake failure"; and that the instruction wholly fails to hypothecate facts which excluded the negligence of defendant in the manner charged in the petition, or in the manner submitted by plaintiff's Instruction No. 1. Beezley v. Spiva, Mo.Sup., 313 S.W. 2d 691, 696(9).

To sustain the giving of an instruction submitting "brake failure" as the cause of the collision, it would have been necessary to show that (considering the relative speed of the vehicles, the load of the truck and the downgrade) the hydraulic brakes were applied a sufficient distance from the automobile to have stopped the truck before the collision; and that, except for the "brake failure", the collision would not have occurred. No such evidence appears and we find no evidence from which a jury could properly find that the "brake failure" in question was the "sole", direct and proxi-

mate cause of the collision, yet no such error was assigned when the instruction was given, nor was such an assignment included in plaintiff's motion for a new trial. Although the giving of an instruction *without evidence to support it* is, of course, error (Pennington v. Carper, Mo.Sup., 309 S.W. 2d 596, 601 [9]), the appellant is in no position to raise this particular issue at this time. Supreme Court Rule 79.03.

However, we do find that the instruction was insufficient and erroneous in its submission of "brake failure" in support of defendant's claim of "no negligence." The instruction ignores an issuable fact, as shown by defendant's evidence, that the operator applied the emergency brake after the hydraulic brakes failed. Such issuable fact should have been submitted to the jury, in connection with the submission of defendant's claim of "no negligence." While the operator's testimony as to the application of the emergency brake was uncontradicted and unimpeached it was for the jury to determine whether the operator had applied the emergency brake and had thereby exercised the highest degree of care after the failure of the hydraulic brakes. Cluck v. Abe, 328 Mo. 81, 40 S.W.2d 558. As will be noted, no facts as to the speed of the truck or its distance from plaintiff's automobile are required to be found by the instruction to sustain the conclusion and finding submitted, to wit: that, at all times *prior* to the time that Agee applied his hydraulic brakes, Agee was "in the exercise of the highest degree of care" in the operation of the truck. This was particularly important in this case where there was a total absence of any evidence as to how closely the heavily loaded truck, operating at a speed in excess of plaintiff's automobile, was following it on the downgrade, when the hydraulic brakes were applied and failed.

Nor does the instruction submit any finding of facts from which the jury could find that *after* the sudden failure of the hydraulic brakes, "the driver of defendant's truck was unable, in the highest degree of care, to avoid the accident and collision mentioned in evidence, and was not negligent * * *." This portion of the instruction submitted only conclusions of fact and law with no submission of what actually happened, or what measures the operator took to stop the truck during this subsequent period. The truck collided with the automobile three times according to plaintiff. As stated, the instruction ignores the defendant's evidence concerning the operator's conduct in applying the emergency brake subsequent to the failure of the hydraulic brakes. It is apparent that the instruction wholly fails to submit a hypothecation of facts to exclude the negligence of the operator as charged in the petition and as submitted by plaintiff's Instruction 1. Compare defendant's instruction as set out in McVey v. St. Louis Public Service Co., supra, 336 S.W.2d 524, 525. Nor does the instruction submit the converse of any essential issuable fact upon which plaintiff's case depends under plaintiff's Instruction No. 1. While it is apparent that defendant's Instruction No. 2 was drawn on the theory that the sudden and unexpected failure of the hydraulic brake system on the loaded truck supported the claim of "no negligence", the instruction requires no finding of either fact or law that "except for" such "brake failure" the collision would not have occurred.

In support of the instruction respondent says that "Instruction No. 2 negatived the only essential element of plaintiff's case which was in controversy, namely, negligence on the part of the driver," citing McCarty v. Milgram Food Stores, Inc., Mo. Sup., 252 S.W.2d 343, 344, and other similar cases, where an instruction properly conversed some essential issuable *fact* necessary to plaintiff's recovery. Respondent says that it was only necessary to converse the conclusion of negligence submitted by plaintiff's Instruction No. 1. Respondent further argues that if a conclusion of negligence could be drawn from the facts submitted in plaintiff's Instruction No. 1, it was only necessary for defendant's instruction to submit a finding of no negligence. How-

**616**

ever, such a finding of facts as submitted by plaintiff's instruction would support a finding of negligence on the part of the truck operator, but the same facts would not support a finding of no negligence. It therefore appears that Instruction No. 2 sought to converse an issue of law, negligence, and not some essential *fact* upon which plaintiff's case depended. Respondent further insists that "the instruction (No. 2) specifically submitted to the jury the inability of defendant's driver, in the exercise of the highest degree of care, to avoid the accident as a result of brake failure." The instruction submits only a conclusion. Respondent further argues that "plaintiff having submitted the issue of negligence as a factual conclusion, she is in no position to complain that defendant has submitted the converse thereof as explicitly as possible by submitting that defendant was at all times in the exercise of the highest degree of care and was not negligent." While the issue of no negligence was submitted by defendant's instruction it was submitted as an issue of law, without any sufficient hypothecation of facts to sustain a submission of "brake failure" as the direct and proximate cause of the collision and without requiring a finding to that effect.

 Respondent further says that if plaintiff deemed the instruction ambiguous or lacking in clarity, it was her duty to submit an amplifying or clarifying instruction. Hooper v. Conrad, 364 Mo. 176, 260 S.W.2d 496, and other cases. The mentioned rule does not apply where the questioned instruction is erroneous as a matter of law, as it was in this case, since there was no proper submission of "brake failure" as the cause of the collision. Further, it would be difficult indeed to amplify or clarify an instruction submitting an issue unsupported by evidence or to remedy an instruction directing a finding for defendant without a proper submission that the "brake failure" caused the collision. We must and do find that Instruction No. 2 was prejudicially erroneous in directing a verdict for defend-

ant without properly requiring a finding that the "brake failure" caused the collision.

It will not be necessary to consider appellant's third assignment against the instruction since it clearly appears that the objections there sought to be raised against the instruction were not raised in the trial, or in plaintiff's motion for a new trial. Supreme Court Rule 79.03.

For prejudicial error in giving defendant's Instruction No. 2 the judgment is reversed and the cause remanded.

All concur.