Carl E. SUCHARA, Plaintiff-Respondent,

v.

ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Defendant-Appellant.

No. 32314.

St. Louis Court of Appeals.

Missouri.

Nov. 15, 1966.

Motion for Rehearing or to Transfer to Supreme Court Denied Dec. 12, 1966.

resulted from a rear end collision. The case was tried to a jury and resulted in a verdict and judgment in favor of plaintiff for $3,000. Defendant's timely post-trial motions were overruled and it brought this appeal.

The nature of the points raised by defendant obviates an extended statement of the facts. On November 20, 1962, at about 3:40 P.M., plaintiff, a 47 year old St. Louis police officer, accompanied by fellow-officer Arthur Boles, in line of duty was operating a police patrol cruising vehicle westwardly on Easton Avenue in that city. In compliance with an electric traffic light which showed red, plaintiff brought the cruiser to a stop east of the east curb line of Grand Avenue, an intersecting street. According to plaintiff, " * * * approximately one minute" after coming to a stop and while waiting for the light to change his vehicle was struck from the rear by one of defendant's streetcars, operated by its employee Luke Jones, Jr. Plaintiff's evidence was that the impact was of such force that the cruiser was knocked forward a distance of about 4 feet despite the fact that its power brakes were on; and that it caused him to be first thrown backward and his head to hit a metal screen located between the cab and the prisoner's compartment, and to then be pitched forward. Plaintiff's principal complaint concerned an injury to his neck. Defendant's evidence, as testified to by Jones, was that when he applied the brakes as the streetcar approached plaintiff's vehicle the track brake did not engage in its usual manner and the streetcar suddenly and unexpectedly traveled about 5 feet more than he had intended. Defendant also produced evidence that a subsequent examination of the streetcar revealed that the ground wire for the magnetic track brake on the number one trunk was broken, which adversely affected the operation of the brakes on the front wheels.

George A. Adolf, St. Louis, for defendant-appellant.

Thomas M. O'Shea, St. Louis, for plaintiff-respondent.

DOERNER, Commissioner.

This appeal arises out of a suit for damages for personal injuries alleged to have

■ At the request of the plaintiff the court gave Instruction No. 2, MAI 17.16, the verdict directing instruction under the

rear end collision doctrine. Defendant requested and the court gave Instruction No. 3, MAI 29.02(2), conversing the negligence submitted in Instruction No. 2. Defendant also offered, but the court refused to give, Instruction No. A, and this refusal forms the basis for defendant's first complaint. Instruction No. A read, in substance, that the jury's verdict must be for the defendant if it believed that when the operator applied the brakes the streetcar went into a sudden and unexpected slide, that thereafter there was a sudden and unexpected failure of the brakes, and that the defendant was at all times exercising ordinary care in operating and maintaining the streetcar and was not negligent under Instruction No. ———. Defendant's refused instruction is not to be found in MAI, is somewhat of a hybrid, and in part is in the nature of an unavoidable accident instruction, Hogan v. Kansas City Public Service Co., 322 Mo. 1103, 19 S.W.2d 707, 65 A.L.R. 129, the giving of which is expressly prohibited by MAI 1.01. In part it was also a converse instruction of Instruction No. 2, plaintiff's only verdict directing instruction. Defendant was therefore entitled to only one converse instruction, MAI 29.03, Notes on Use, and one was given on its behalf. While defendant mentions no such point in its points on appeal, in the argument portion of its brief it states that the court refused to allow it to argue its defense of unexpected sliding and brake failure to the jury. The record, on the contrary, shows that in its argument it dwelt on that defense at length. The court's action in refusing to give Instruction No. A was proper.

During its portion of the argument to the jury the defendant, in addition to emphasizing its evidence regarding the unexpected sliding and brake failure of its streetcar, stressed that plaintiff had failed to offer, " * * * any specific evidence as to any specific negligence" on the part of defendant. In the course of his rebuttal plaintiff's counsel started to assert that plaintiff's situation was that he was not doing anything wrong; that all he had to prove was that there was a collision; and that he didn't know what caused it. At that point defendant's counsel interrupted with the objection that, "The instructions are directly to the contrary. They have to prove negligence." The court overruled the objection but admonitioned the jury that it should be guided by the instructions. Plaintiff's counsel then concluded with the statement that the jury should read the instructions, "the verdict directing instruction that if there was a collision." Defendant now complains that the court erred in overruling its objection. Technically, the plaintiff's assertion was not directly contrary to Instruction No. 2 for that instruction did not require the plaintiff to "prove negligence" but left that issue for the determination of the jury. What the plaintiff was required to do in order to make a submissible case for the jury was to introduce sufficient evidence from which the jury might find that the defendant was guilty of the negligence charged. The plaintiff submitted his case under the rear end collision doctrine. His evidence was that his vehicle was and for an appreciable period had been at rest at the stop sign, that it was in a portion of the street where it was entitled to be, that the streetcar was under the control of defendant, and that under such circumstances it collided with the rear end of plaintiff's vehicle. Plaintiff's evidence was, in fact, corroborated by defendant's motorman. Contrary to defendant's argument, such evidence was not only sufficient to make a prima facie case under the rear end collision doctrine, but to make one of *specific*, not general, negligence. Jones v. Central States Oil Co., 350 Mo. 91, 164 S.W.2d 914; Crawford v. McNece, Mo., 388 S.W.2d 809. It is true that under the rear end collision doctrine a plaintiff is required to offer evidence not only of the collision, but of the other surrounding circumstances which make that doctrine applicable. Hughes v. St. Louis Public Service Co., Mo.App., 251 S.W.2d 360. It is apparent that in his argument plaintiff was attempting to answer defendant's claim of his failure to produce

any evidence as to any specific negligence, and that in the passage under consideration he was alluding to the surrounding circumstances, and not merely the collision alone. Considered against the background of defendant's argument, and in the light of the objection made, the court did not err in its ruling.

In its next point the defendant claims that the court prejudicially erred in the admission of evidence in four unrelated instances. We have carefully reviewed each in turn, and cannot agree. During his direct examination, while relating the course of medical attention he had received, plaintiff testified that the day after the collision he was examined by Dr. Reh, one of the Police Department's physicians, and over the objection that it was hearsay, was permitted to relate that Dr. Reh recommended that he have X-rays of his neck made at St. John's Hospital and that he receive therapy treatment. The statement of the doctor was not offered as proof of the matters stated therein but only for the purpose of establishing the course of the medical attention plaintiff received, and was therefore not hearsay. Still v. Travelers Indemnity Co., Mo., 374 S.W.2d 95; Bond v. Wabash R. Co., Mo., 363 S.W.2d 1. As to the second incident, plaintiff's witness, Gerald Hoemeke, Personnel Research Manager of the Metropolitan St. Louis Police Department, produced and identified the Department's medical record relating to plaintiff, and after testifying to their mode of preparation and his custody, was permitted to state over objection that the record showed that plaintiff had been absent from duty for 28 days, beginning on November 22, 1962, because of a neck injury. Defendant now asserts that the record was not admissible under the Uniform Business Records Act, § 490.660 et seq., RSMo 1959, V.A.M.S., and that the medical reason for plaintiff's absence was hearsay. We need not decide the admissibility of the record under that Act, because, in any event, its admission was not prejudicial. This for the reason that such facts

had theretofore been fully testified to by plaintiff. Harris v. Goggins, Mo., 374 S.W.2d 6; Hunter v. St. Louis Southwestern Ry. Co., Mo., 315 S.W.2d 689.

Next, defendant claims that the court erred in permitting Dr. Vacca, who treated plaintiff, to testify, over defendant's objections, " * * * that his notes showed he saw plaintiff particularly for complaints for injuries 'received' in this occurrence * * *." Defendant is mistaken. The record shows that the word "received" does not appear; the word used by the doctor was "referable." Nor did the doctor allude to "this occurrence" or even the date of the collision here involved, November 20, 1962; he referred instead to "an accident." Lastly, defendant asserts that Dr. Vacca was allowed to testify, over defendant's objection, regarding his record of statements, care and treatment made and recommended by other doctors who did not testify. The weakness in defendant's position is that it did not object to the testimony to which it refers, nor move to strike it after it was given by the doctor. Its only objection when made was properly overruled because at that point the doctor had made only a brief reference to the past history given in connection with the plaintiff's complaints existing at the time the examination was made, as the trial court was at pains to point out in overruling the objection made. And as the Supreme Court pointed out in Lesch v. Terminal R.R. Ass'n of St. Louis, Mo., 258 S.W.2d 686, 691, " * * * Some inquiry by the physician of a patient as to the cause may be proper for intelligent treatment" citing Coghill v. Quincy, O. & K. C. R. Co., Mo.App., 206 S.W. 912, 913 and Albert v. Krey Packing Co., Mo.App., 195 S.W.2d 890, 894. No objection was interposed when the doctor testified to the matters to which defendant now refers, nor was any motion to strike made. That the only objection made was not a continuing one, and that the court would have ruled on an objection or motion had one been made is shown by the fact that subsequently the court twice did so; once when the doctor

started to refer to what plaintiff's wife had told him over the telephone; and again when the doctor began to relate plaintiff's statement of what another treating doctor had told plaintiff. We cannot, of course, hold that the court erred in overruling an objection or motion to strike when none was made. Dyer v. Globe-Democrat Publishing Co., Mo., 378 S.W.2d 570; Sandler v. Schmidt, Mo., 263 S.W.2d 35.

 Defendant's final point is that the court erred in allowing plaintiff to introduce evidence regarding an injury not pleaded, and that as a result the verdict for $3,000 was excessive by at least $2,500. Defendant points out, first, that in describing his complaints at the time he first visited a Dr. Dash plaintiff stated he had a stiffness and tightness in his neck and that it radiated from the bone at the base of his neck over to his right shoulder. While plaintiff's petition did not specifically mention his shoulder it did refer to an injury to his neck and back. Defendant's second allusion is to a brief reference by Dr. Vacca that his notes for May 28, 1964 showed that in the prior few days plaintiff had pains in his left shoulder and down to the top of his hand and into the second and third fingers. The doctor testified that in his opinion the pain emanated from an injury to the nerves in plaintiff's neck. It would appear that such pain might be considered as an element of the injury to plaintiff's neck and the nerves thereof, and resulting pain, which was pleaded. See Evans v. Clapp, Mo. App., 231 S.W. 79. In any event, in view of the plaintiff's testimony that as a result of his injuries to his neck he lost 176 days from work; that he made 43 visits to various physicians over a two and one-half year period; that he underwent about a dozen physio-therapy treatments; that he was hospitalized for a myleogram procedure; that his work and home activities were limited; that he had endured pain and suffering over the entire period; Dr. Vacca's testimony that plaintiff's disability of neck pain, headaches and pain radiating to his upper extremities would be permanent; and

the amount of the verdict, $3,000, we are not prepared to say that these brief references to stiffness and pain, if erroneously admitted, resulted in an excessive verdict, as defendant claims.

The judgment should be affirmed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.