**Sadie BIRMINGHAM, Appellant,**

v.

**Clarence Allen SMITH, Respondent.**

No. 52643.

Supreme Court of Missouri,
Division No. 1.

Nov. 13, 1967.

J. William Blackford, Blackford & Wilhelmsen, Kansas City, for appellant.

Walter F. Moudy, and Foust, Moudy & Jacobson, Kansas City, for respondent.

HIGGINS, Commissioner.

Action for $25,000 damages for wrongful death. Plaintiff appeals from verdict and judgment for defendant.

Plaintiff's petition in part alleged: that plaintiff was the mother of Dottie Sue Birmingham, age 17, who, on June 5, 1964, was a passenger in an automobile operated by and under "the sole care and control of the defendant"; that while so operating his vehicle eastwardly on Independence Avenue near its intersection with Ewing Street in Kansas City, Missouri, "defendant negligently, carelessly, willfully and wantonly operated his vehicle off the traveled portion of the street and thoroughfare and into a bridge abutment, fatally wounding and killing the passenger, Dottie Sue Birmingham"; and that as a direct and proximate result of defendant's negligence, plaintiff was damaged.

Defendant in answer "2. Denies each and every allegation in plaintiff's petition."

At trial, defendant admitted that plaintiff's daughter was killed "as a result of the accident."

Mrs. Birmingham established that she was the mother of Dottie Sue Birmingham, age 17 years at her death, that she was a widow, that she was dependent in part on her daughter's earnings, and that she had incurred a debt of $1,352.45 for her daughter's funeral expense.

Vera Eckert, sister of the deceased, ordinarily transported the deceased to and from work. On the night in question the deceased had a date with defendant and he was to take her home. Both deceased and defendant worked a 4:00 p. m. to midnight shift.

Corporal Clifford E. Winkfield of the Kansas City, Missouri, Police Department, arrived at the accident scene at 4:15 a. m., June 5, 1964. He found a 1962 M.G. convertible automobile with its right front corner in contact with a concrete abutment of a bridge at Independence Avenue and Ewing Street. The defendant was unconscious in the automobile on the driver's side. Rain had fallen earlier and the street was wet. There were no brake or skid marks discernible on the street

The defendant testified that his speed was 30 miles per hour, within the limit of 35 miles per hour, as he drove east on Independence Avenue. As he approached the intersection of Independence and Ewing, a light-controlled intersection, his speed might have been less "because I slowed down because the light had just turned green and I was going to have to stop, so I started slowing and then it turned green and I went on." His automobile was in good mechanical condition and his windshield wipers were in operation, "it wasn't raining as bad as it had." Defendant testified further, over objection of plaintiff: "As we approached the intersection of the bridge I looked over the crest of the bridge and there was a car coming. I paid pretty well attention to it because I noticed it had just one headlight and it was dim. * * * I believe the left one was the only one on. * * * He was in the center lane on the westbound side. * * * about twenty-five or thirty foot away from me he just suddenly started veering to the left and coming into my lane and he just kept coming.

"Q (Mr. Moudy) Would that be in the same position where someone would make a sharp left turn there? A It would be positioning for a left turn. It would be just angling off like you see some people do.

"Q Cutting the corner? A Yes, sir.

"Q What did you do? A Well, I immediately, I saw him, he kept coming and didn't seem like he saw me, or something, just like I wasn't there and he just kept coming and I swerved hard to the right to avoid hitting him and applied my brakes. * * *.

"Q Do you know whether or not this other car ever hit you? A Not to my knowledge, I don't think so * * *. Because I swerved out of the way. * * *

"When he started to come over * * * she (Miss Birmingham) started to scream and that was it, and there was nothing else. * * * we noticed it coming toward us and I had to make a decision and I tried

to turn to the right and to avoid hitting head-on. * * * It was, like I said, a light colored car and either a '53 or '54 Ford or Mercury. * * * I got out of the hospital about four months later and I was still in the cast and I had my friends, I got in their car and drove around that neighborhood and I combed it three or four times looking for that car."

The record of the Jackson County Circuit Court showed that on October 23, 1964, defendant pleaded guilty to "careless driving, struck a bridge abutment," June 5, 1964.

Appellant's first point is that the court erred in admitting the quoted testimony of defendant "for the reason that the defendant pleaded a general denial and did not plead the matter of confession and avoidance or intervening cause" and under the general denial "bringing in new matter was not permissible." Appellant would support his point by quotations, to wit: Berberet v. Myers, 240 Mo. 58, 144 S.W. 824, 832[20], " 'the general denial puts in issue the facts pleaded in the petition, *not the liability*. The facts from which the law draws the conclusion of nonliability must be pleaded in the answer when they are not stated in the petition' "; and Gary v. Averill, 321 Mo. 840, 12 S.W.2d 747, 750[10], "The issues as made by the petition cannot be enlarged, either by the introduction of evidence or the giving of instructions." Appellant also urges that, due to his objection, the issues raised by defendant were not tried by consent or implied consent as provided by Civil Rule 55.54, V.A.M.R., in respect to issues not raised by the pleadings being treated as properly pleaded if tried by express or implied consent. Appellant then argues that defendant's general denial denied only "(1) that plaintiff was the mother of Dottie Sue Birmingham (2) that she was a passenger in an automobile being driven by the defendant (3) that said automobile was in the sole care and control of the defendant (4) that the deceased was exercising the highest degree of care for her own safety (5) that the defendant

operated his vehicle off the street and into a bridge abutment (6) that Dottie Sue Birmingham was killed (7) that Dottie Sue Birmingham was employed and the sole support of plaintiff." Appellant relies also on the requirement, Section 509.090, V.A.M.S., that an affirmative defense or any other matter constituting an avoidance must be pleaded "in order that (opposing parties) may be prepared on the issue," White v. Wilks, Mo., 357 S.W.2d 908, 913 [13]; and argues that the "phantom car" was new evidence, was not necessary to support plaintiff's petition and was not admissible because not pleaded as an affirmative defense, citing Grapette Co. v. Grapette Bottling Co., Mo.App., 286 S.W.2d 34, 38–39[6].

■■■■ None of these authorities or arguments rule this case. Among the matters pleaded in the petition were the allegations that "defendant negligently, carelessly, willfully and wantonly operated his vehicle * * * into a bridge abutment * * * killing the passenger * * * that as a direct and proximate result of (that negligence) plaintiff has been damaged * *." Defendant's general denial was a denial of the negligence attributed to him and of the proximate cause as well, in addition to the matters enumerated above in plaintiff's argument. It is clear that under a general denial that a defendant may show himself to be free of the alleged negligence, e. g., Hornsby v. Fisher, Mo., 85 S.W.2d 589, 591[1], "Defendant company's answer was a general denial, and of course this put in issue the charges of negligence against it, and under such answer it was proper to show any facts which tended to establish that defendant company was not guilty of any negligence charged." This is true also where such evidence from a defendant may be in the nature of sole cause in which case he may, if he chooses, introduce evidence because "Sole cause is not an affirmative defense and plaintiff has the burden of proof on the issue of defendant's negligence * *. Therefore, it is not necessary in order for a defendant to be entitled to a verdict in his

favor in a damage suit based on negligence that he introduce evidence from which it may affirmatively be found that he was not negligent. In other words, a defendant is not required to disprove plaintiff's allegations of negligence." Lynn v. Kern, Mo., 323 S.W.2d 726, 728[1]. See also Wiseman v. Jackson, Mo.App., 309 S.W.2d 356, 362, where, under general denial, a defendant introduced evidence in respect to negligence charged against him to support a sole cause instruction.[1]

■ Appellant contends also that receipt of this evidence violated the Dead Man's Statute, Section 491.010, V.A.M.S. There was no objection to this effect at trial and no such contention was presented to the trial court in the new trial motion; consequently, it is not preserved for review. Dudeck v. Ellis, Mo., 399 S.W.2d 80, 97[18].

■ Appellant complains next of the giving of Instruction 3. It is unnecessary to note either the instruction or the error charged because the instruction was "given by plaintiff" and given by the court in plaintiff's behalf as her verdict-directing instruction and "(she), of course, cannot complain here about the Instruction given on (her) behalf and at (her) request." Leathem v. Longenecker, Mo., 405 S.W.2d 873, 876[1].

Appellant charges error in the giving of Instruction 4 "as that issue was not before the Court on the pleadings, defendant not, by general denial, denying liability," citing again the quotation from Berberet v. Myers, supra.

■ Instruction No. 4 is MAI 29.02(2): "Your verdict must be for defendant if you do not believe that defendant was negligent."

As such, it is simply a converse of plaintiff's verdict-directing instruction which required as a condition of plaintiff's recovery that the jury find "Third, defendant was thereby negligent," a converse to which defendant was entitled. See MAI 29.01 Converse Instructions—General Comment; MAI 29.-02(2); Committee Comment (3) MAI 1.03.

Insofar as this contention may be a contention that defendant's general denial did not permit a contest of the issue of defendant's alleged negligence, it has been discussed in disposing of appellant's first point.

■ Finally, appellant says the given burden-of-proof instruction was erroneous because "the court allowed the defendant to introduce an affirmative defense" which required the addition of the words: "The burden is upon the defendant to cause you to believe the propositions necessary to support his defense * * *."

Instruction No. 2 is MAI 3.01. It is sufficient in this case without the added language because, as previously demonstrated and ruled, defendant's evidence went only to freedom from negligence or sole cause, such are not affirmative defenses and, therefore, it was not necessary to instruct on any burden of proof on defendant. See Notes on Use MAI 3.01.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.

---

1. Sole cause instructions are no longer given, MAI 1.03; however, MAI has not changed the law on admissibility of evidence tending to establish that one is not guilty of the negligence charged, and "The prescribed (MAI) converse forms adequately present the same defense." Committee's Comment, MAI 1.03.