**Russell E. JOHNSON, Appellant,**

v.

**Stephen R. HARRINGTON, Respondent.**

No. 25087.

Kansas City Court of Appeals.

Missouri.

June 2, 1969.

Blackford & Wilhelmsen, Kansas City, for appellant.

Donald L. Mason, Kansas City, for respondent.

1

MAUGHMER, Commissioner.

The plaintiff, Russell D. Johnson, alleged that on December 20, 1965, he was a guest and riding in an automobile being driven in a westerly direction on Southwest Boulevard in Kansas City, Missouri; that such vehicle had stopped at a traffic light when it was struck in the rear by an automobile being operated by the defendant, Stephen R. Harrington, thereby injuring plaintiff. Defendant answered that the collision was the result of a sudden brake failure on his automobile, that such failure was the "sole cause" of the accident, and defendant was not guilty of any negligence. Trial to the jury resulted in a unanimous verdict for the defendant. The plaintiff has appealed. Only one assignment of error has been presented on appeal or was suggested in the motion for new trial, namely, that the Court committed reversible error in giving Instruction No. 4 which was offered by the defendant. The transcript on appeal does not include a transcription of the evidence which was adduced at the trial.

We set out Instruction No. 4 in full:

### "INSTRUCTION NO. 4

Your verdict must be for the defendant if you believe:

First, the sole cause of the collision referred to in the evidence was the sudden failure of the brake system on defendant's automobile to function, and

Second, such sudden failure of the brake system was not the result of any negligence on the part of the defendant, and

Third, that the collision was not the result of negligence of defendant as set forth in Instruction No. 2."

We also set out MAI 1.03, 1.04 and 1.01, which define certain "Excluded Areas" of instruction.

"1.03 Sole Cause Instructions

"No instruction shall be given on behalf of the defendant which hypothesizes that the conduct of one other than defendant was the sole cause of the occurrence."

"1.04 Sudden Emergency Instructions

"No 'sudden emergency' instructions may be given."

"1.01 Unavoidable Accident Instructions

"No unavoidable accident instructions may be given."

Plaintiff contends that Instruction No. 4 is a "sole cause" instruction and that MAI 1.03 forbids giving a sole cause instruction. He also says it is a "sudden emergency" instruction which is forbidden by MAI 1.04 and an "unavoidable accident" instruction which is likewise forbidden (MAI 1.01).

Defendant asserts that Instruction No. 4 is not a "sole cause" instruction but rather one which merely hypothesizes a situation in which plaintiff is free from negligence, and therefore not liable. He says further that the ban imposed by MAI 1.03 against sole cause instructions applies only to an instruction which hypothesizes the negligence or "conduct of one other than the defendant"; that the phrase "conduct of one other than the defendant" refers to a person and not to the occurrence of an event. Defendant also says that plaintiff has failed to duly preserve the point. Plaintiff raised the issue in his motion for new trial and on this appeal. We deny this contention of defendant. The point is preserved.

We examine MAI 1.03 for further enlightenment and aid in interpretation. The subject as set forth in the paragraph is "Sole Cause Instructions", with no limitation. The footnotes give three reasons as

prompting adoption of the section: 1. Such an instruction requires recitation of detailed evidentiary facts and this is no longer permitted. 2. The negligence of one other than defendant is of no consequence, confusing and misleading, and 3. The prescribed converse forms adequately present the same defense.

Defendant invites our attention to Boresow v. Manzella, (Mo.) 330 S.W.2d 827, and Koogler v. Mound City Cab Company, (Mo.) 349 S.W.2d 233. Counsel frankly states that Instruction No. 4 was copied from these cases. However, each was decided years prior to the advent of MAI. Therefore those cases are not in point and are of no help. Of course, prior to MAI sole cause instructions were permissible and proper.

The Supreme Court has, with no exception, required strict compliance with MAI, and in Murphy v. Land, (Mo.) 420 S.W.2d 505, 507, said:

" * * * All deviations from the straight and narrow path prescribed in MAI will be presumed prejudicially erroneous unless it is made perfectly clear that no prejudice has resulted. The requirements of MAI are mandatory. The burden of establishing nonprejudice is on the proponent of the instruction. * * *"

See also Moore v. Huff, (Mo.App.) 429 S.W.2d 1, l.c. 4. In Brown v. St. Louis Public Service Company, (Mo.) 421 S.W. 2d 255, 257, 259, the Court held that if MAI includes an instruction on the question, the giving of such instruction is mandatory. The opinion also rules that if there is any deviation from MAI, error will be presumed unless the contrary is made perfectly clear by the proponent. MAI 1.01 clearly forbids giving "unavoidable accident" instructions. Even before MAI the Supreme Court criticized such instructions severely in Hogan v. Kansas

City Public Service Co., (en Banc, 1929) 322 Mo. 1103, 19 S.W.2d 707, 713, 65 A.L.R. 129. See also a later comment in Littlefield v. Laughlin, (Mo.) 327 S.W.2d 863, 868.

We have no difficulty in determining that Instruction No. 4 is a "sole cause" instruction. It uses the phrase "sole cause" and authorizes a verdict for defendant if the jury finds that sudden brake failure was the complete cause of the collision. Defendant's suggestion that it is not a sole cause instruction is without merit.

The second contention, that is, that the sole cause prohibition is limited to an instruction which hypothesizes "the *conduct of one other than defendant* was the sole cause of the occurrence", requires more consideration. If we understand defendant's reasoning or theory, it is that the underlying phrase applies only to a person and not to the occurrence of an event—such as "sudden failure of the brake system". In our opinion the phrase "conduct of one other than defendant" does mean the conduct of a person and not merely the occurrence of an event. However, in which category must we place a "sudden failure of the brake system"? Is such an occurrence caused by the conduct of a person or is it merely the happening of an event, and in no way and in no instance connected with the conduct of any person? We do not believe that a sudden failure of the brake system on an automobile can rightly or in every instance be called an Act of God. If the brake system is made with good material, is correctly manufactured and assembled, and is properly serviced and maintained, the brake system will not suddenly fail. The brakes will suddenly fail only if someone (identity usually unknown) in the manufacture, assembly, service or maintenance of the brake system, is guilty of conduct (not necessarily negligent) which causes the casualty. Occasionally it has been learned that someone, bent on mischief, has tampered with the brakes;

**4**

sometimes the maintenance mechanic has failed to add brake fluid, and sometimes the vehicle has been driven over an object, damaging the fluid container and causing it to leak. All of these examples suggest "conduct of one other than defendant". In most, or at least in many, instances of sudden brake failure, the cause is unknown and is not revealed even after post-casualty examination, but an instruction submitting such sudden brake failure as the sole cause of the collision at least encompasses those situations in which the *conduct* of some third person led to the brake failure. It is apparent, therefore, that such an instruction, and Instruction No. 4 is such an instruction, is forbidden by MAI 1.03. Besides, MAI 1.01 bans separate instructions for unavoidable accidents and 1.04 forbids sudden emergency instructions. Instruction No. 4 in the case before us partakes to some extent of a "sudden emergency" and presents at least the idea of an "unavoidable accident". The entire background and general tenor of MAI is clearly, positively and unequivocally against giving a separate instruction on either sudden emergency, unavoidable accident, or sole cause. However, we rule this case on MAI 1.03, and hold that Instruction No. 4 is a "sole cause" instruction which hypothesizes the "conduct of one other than defendant" as the sole cause of the occurrence. The giving of such an instruction is forbidden. Any departure from MAI has been consistently ruled to amount to prejudicial error unless the proponent clearly demonstrates otherwise. Defendant has not attempted to so demonstrate here.

The judgment is reversed and the cause remanded for a new trial.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.