Gladys COFFEL et al., Plaintiffs-Appellants,

v.

Betty I. SPRADLEY, Administratrix of the Estate of Jessie W. Spradley, Deceased, Defendant-Respondent.

No. KCD 26171.

Missouri Court of Appeals, Kansas City District.

April 2, 1973.

Motion for Rehearing and/or Transfer Denied May 7, 1973.

Application to Transfer Denied July 16, 1973.

Thomas D. Cochran and C. William Kramer, Piedimonte & Cochran, Independence, for plaintiffs-appellants.

Gene R. Martin, Ennis, Browne, Martin & Tapp, Kansas City, for defendant-respondent.

Before SWOFFORD, P. J., and SHANGLER and WASSERSTROM, JJ.

SHANGLER, Judge.

This is an action for personal injuries, loss of services, and property damage brought by John Coffel and Gladys Coffel, his wife, against Jessie W. Spradley, arising from the collision of their automobiles. Immediately before trial, the death of Mr. Spradley was suggested to the court by formal motion and the court ordered the substitution of Betty I. Spradley, administratrix of the decedent's estate, as party defendant.

The plaintiffs submitted their recovery on the rear end collision doctrine. The defendant was permitted to prove a sudden and unexpected brake failure under the general denial of the answer. This proof came principally from the deposition, read into evidence by the defendant, of the deceased Jessie W. Spradley. The plaintiffs appeal from the judgment entered upon the jury verdict for the defendant. They claim error in that 1) the trial court improperly permitted the deposition of the deceased, Jessie W. Spradley, to be read into evidence and 2) the trial court improperly received evidence and permitted jury argument of a sudden unexpected brake failure although the issue had not been pleaded by the defendant and is no longer a submissible defense.

The principal evidence offered by the defendant on the issue of liability was the deposition of Jessie W. Spradley. Plaintiffs objected to the reading of the deposition in evidence because it was not signed by the witness and did not otherwise conform to the procedures of § 492.340 and 492.400, RSMo 1969, V.A.M.S., and Rules 57.22 and 57.29, V.A.M.R., which now supersede them.[1]

1. The relevant provisions are:

Rule 57.22 (§ 492.340, RSMo 1969, V.A.M.S.) : "Depositions Shall be Submitted to Witness for Examination—Signing of Deposition.

"When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by the parties. Any changes in form or substance which the witness desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them; provided, however, that the answers or responses as originally given, together with the changes made and reasons given therefor, shall be considered as a part of the deposition. *The deposition shall then be signed by the witness, unless the parties by stipulation waive the signing or the witness is ill or cannot be found, or is dead or refuses to sign. If the deposition is not signed by the witness, the*

*officer shall sign it and state on the record the fact of the waiver or of the illness, or death or absence of the witness or the fact of the refusal to sign together with the reasons, if any, given therefor;* and the deposition may then be used as fully as though signed, unless, on a motion to suppress, the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part." (Emphasis supplied) ;

and :

Rule 57.29 (§ 492.400, RSMo 1969, V.A.M.S.) : "When Depositions May Be Read

"(a) Depositions When Used in Evidence. Examinations or depositions taken and returned in conformity to the provisions of these Rules may be read and used as evidence in the cause in which they were taken, as if the witnesses were present and examined in open court on the trial thereof.

"(b) Facts Authorizing Use—How Proved. The facts which would author-

It is the sense of the plaintiffs' argument that by the provisions of Rule 57.22 a deposition does not qualify as evidence unless it is signed by the witness or, in the absence of such signature, by the officer by whom the testimony was taken with a statement in the record of the reasons for the absence of the signature of the witness —in this case, the fact of his death—and that the deposition of Jessie W. Spradley, devoid of either signature, was improperly received as evidence. The death of Jessie W. Spradley, however, was a fact adjudicated by the Order of Substitution entered upon the motion of the Administratrix, regularly filed, noticed and determined in the manner provided by Rules 52.13(a) and 43.01. The statement of the reporting officer that the deposition had not been signed by the witness because of his death would merely be corroborative of a fact already conclusively proved between the litigants.

■ Actually, plaintiffs concede the fact of the death of the witness but contend that the signature of the officer reporting the testimony is nonetheless indispensible, in cases where the signature of the witness is unavailable or refused, as an authentication of the accuracy of the transcription. Under the procedures of Rule 57.22, the signature of the witness vouches for the accuracy of the transcription, but the signature of the officer taking the testimony authenticates only his statement of the reasons the signature of the witness does not appear, reasons which may be contested by a motion to suppress the deposition. The certification of the officer taking the deposition attesting that the examination has been faithfully reported and transcribed is provided for separately by Rule 57.23. In this case, it was both proved and conceded that the witness Jessie W. Spradley had died. That was suffi-

cient reason under Rule 57.22 to excuse his signature and qualify his deposition examination as evidence. Drummond v. Hartford Fire Insurance Company, 343 S.W.2d 84, 87 [8] (Mo.App.1960). The signature of the reporter attesting to a fact never in dispute would have been useless and supererogatory.

■ The signature of the witness goes to the form, rather than the substance, of the deposition and is not in all events indispensable, as Rule 57.22 by its terms recognizes. Will Docter Meat Co. v. Hotel Kingsway, 232 S.W.2d 821, 825 [4] (Mo.App.1950); Hoyberg v. Henske, 153 Mo. 63, 55 S.W. 83, 85 (banc 1899). In the circumstances of this case, where the defendant has in effect offered his own deposition and by that act put himself "in the position of vouching for its accuracy no less effectively than his signature could possibly have done", his deposition was not rendered inadmissible because of the informality which results from the absence of his signature. Will Docter Meat Co. v. Hotel Kingsway, *supra*, l. c. 825 [6]. Nor will the deposition be denied the efficacy as legal evidence it would have been accorded without the signature of the witness only because it lacks the signature of the officer by whom the testimony was taken.

■ The plaintiffs appear to argue that, even assuming the deposition qualified as evidence under Rule 57.22, it could not be read at the trial because the fact of the death of the witness, authorizing the use of the deposition, was not proved in the mode of Rule 57.29. That rule, which provides that "the facts which would authorize the reading of the deposition may be established by the testimony of the deposing witness, or the certificate of the officer taking the deposition, or the testimony

ize the reading of the deposition may be established by the testimony of the deposing witness or the certificate of the officer taking the deposition or the testimony of the person or officer who at-

tempted to serve the witness with a subpoena
  *     *     *     *     *
"(2) If he is dead; * * *."

of the person or officer who attempted to serve the witness with a subpoena", does not prescribe the exclusive methods of proof available for that purpose. A party may resort to other sources to lay the foundation for the introduction of the deposition as evidence. Doyle v. St. Louis Transit Co., 124 Mo.App. 504, 101 S.W. 598, 599 (1907). A judicial admission of the fact of death of the witness, such as plaintiffs make in their brief, is one such source of proof; a judicial determination of that fact on motion for substitution is another.

The collision which gives rise to this action occurred when the vehicle operated by plaintiff John Coffel and occupied also by his wife stopped at an intersection for a red traffic signal light and was struck at the rear end by the vehicle defendant's decedent was operating. The officer who investigated the occurrence testified the approach to the traffic signal light from the south, the direction of plaintiffs' travel, as a downgrade commencing approximately 150 feet north of the intersection. He testified also that during the course of the investigation the decedent, Jessie W. Spradley, stated that his brakes faded out just prior to the collision with the plaintiffs' vehicle. The deposition testimony of Jessie W. Spradley, read in evidence, was that as he approached from the south, at a speed of about 25 miles per hour, the traffic light at the intersection 150 feet away turned to red. He then applied his brakes for the first time and they operated normally to reduce his speed. He released his brakes and then, when he was about 25 feet from the plaintiffs' vehicle, applied them again at which time he had no brakes. The pedal went all the way to the floor without effect. He tried to apply the emergency brake but did not succeed. At the time of impact the Spradley car was going from 10 to 15 miles per hour. Mr. Spradley testified that his brakes had been in good working order prior to the collision; they had been checked two months previously. The day after the occurrence, the brake system was examined and a defective master cylinder removed. The rest of the brake system was found to be intact and after the replacement of the master cylinder, the brakes were once again effective.

From the outset of the trial, first in anticipation of defendant's opening statement to the jury that her evidence would show brake failure as an exculpation for the negligence alleged, then during the proof of brake failure, and finally in anticipation of defendant's closing argument to the jury that the sudden and unexpected brake failure excused negligence, the plaintiffs objected that such references and evidence were improper in the absence of a defense of brake failure affirmatively pleaded by the defendant, and were otherwise proscribed because tantamount to proof of a sole cause defense, an issue no longer submissible under MAI. The trial court overruled each such objection.

In the course of their discursive presentation of these points, the plaintiffs have added others so that the full statement of these claims of error include: 1) brake failure must be affirmatively pleaded by a defendant intending to rely on that defense, 2) there was not in any event substantial evidence that brake failure was the proximate cause of the collision (and therefore defendant was improperly permitted to argue that issue to the jury), 3) defendant should not have been permitted to present evidence of brake failure because such proof would establish negligence per se as a violation of § 307.170(3), RSMo 1969, V.A.M.S., which requires all motor vehicles to have two sets of adequate brakes kept in good working order, and therefore, proof of brake failure would excuse one act of negligence by proving another, 4) the defense of brake failure is no longer feasible or allowable under Missouri law and, 5) the defendant's jury argument of unavoidable accident by brake failure amounted to an oral instruction to the jury on a matter defendant was

not entitled to have declared by an instruction of the court.

■ A close and fair reading of the record requires the conclusion, however, that only the first and fourth points have been raised, preserved and presented for our review comformably to the rules of appellate procedure. As to the second and third claims of error, at no time did plaintiffs object to the defendant's jury argument on the ground that there was no evidence the brake failure was the proximate cause of the injury nor was the point preserved in the plaintiffs' motion for new trial. Nor was the evidence of brake failure objected to at the trial on the ground plaintiffs now assert for the first time, that such evidence tends to excuse one negligent act by the proof of another. As to the fifth point, the objection lodged by plaintiffs to the closing argument of unavoidable accident by brake failure was of a different form and substance than now asserted. We decline to review points two, three and five because the requirements of Rules 79.01 and 79.03 have not been met.

■ A defendant charged with the negligent operation of a motor vehicle may show himself free of the alleged negligence by evidence of a sudden brake failure. Koogler v. Mound City Cab Company, 349 S.W.2d 233, 235 [2] (Mo.1961); McVey v. St. Louis Public Service Company, 336 S.W.2d 524, 528 [4] (Mo.1960). Such evidence does not present an affirmative defense but goes to show that the sudden brake failure, and not the defendant's negligence, was the proximate cause of the injury. Bramson v. Henley, 353 S.W.2d 609, 614 [2] (Mo.1962). Sudden brake failure is akin to a proof of sole cause (McVey v. St. Louis Public Service Company, *supra*, 1. c. 528 [4]) and of a sudden emergency (Johnson v. Harrington, 443 S.W.2d 1, 2 (Mo.App.1969)) and of an unavoidable accident (Suchara v. St. Louis Public Service Company, 410 S.W.2d 93, 95 [1] (Mo.App.1966)). Each of the proofs is for the purpose of showing the defendant is free

of the negligence alleged, and although they are asserted by affirmative evidence, they are not matters constituting avoidance, and hence are not required to be affirmatively pleaded. Long v. Mild, 347 Mo. 1002, 149 S.W.2d 853, 858 [11] (1941); Smith v. Kansas City Public Service Company, 328 Mo. 979, 43 S.W.2d 548, 555 [18] (banc 1931); Rule 55.10. Each such proof is merely a denial of the plaintiffs' cause of action and is properly received under a general denial. The risk of non-persuasion on the issue of defendant's negligence remains with the plaintiff. Birmingham v. Smith, 420 S.W.2d 514, 516 [1, 2] (Mo.1967). The evidence of sudden brake failure was properly received under the general denial pleaded by the defendant Administratrix to the allegations of rear end collision negligence pleaded by the plaintiffs.

■ The promulgations of MAI Nos. 1.01, 1.03 and 1.04 that no instruction may be given submitting unavoidable accident, sudden emergency, or which hypothesizes the conduct of one other than the defendant as the sole cause of the occurrence, do not change the substantive right of a defendant to deny the claim of negligence against him, to present evidence that he is free of such negligence, and to argue the effect of this evidence to the jury. Birmingham v. Smith, 420 S.W.2d 514, 516 [1, 2] (Mo.1967); Hoehn v. Hampton, 483 S.W.2d 403, 409 [7] (Mo.App.1972); Will v. Gilliam, 439 S.W.2d 498, 501 [1–3] (Mo.1969). Plaintiffs' argument that "brake failure as a defense may no longer be feasible or even allowable" under MAI is refuted by the Committee's Comment under MAI No. 1.03 that the prescribed converse forms adequately present the issue of sole cause. Prior to MAI, brake failure as a species of sole cause was submitted to the jury in the form of an affirmative converse instruction. Bramson v. Henley, 353 S.W.2d 609, 612 [2] (Mo.1962); Koogler v. Mound City Cab Company, 349 S.W.2d 233, 236 [3–7] (Mo.1961). As these cited cases demonstrate, under the former prac-

tice a typical sole cause instruction was a plethora of evidentiary detail, more appropriate as an expounded jury argument than as a logical proposition for the determination of liability. MAI practice authorizes the submission of the issue of defendant's freedom of negligence by a converse of one, several, or all of the elements of a plaintiff's verdict director, and relegates the full detail and implication of that evidence to the jury argument. MAI, Report to the Supreme Court, pp. XXIII, XXIV (Second Edition); Committee's Comment, MAI Nos. 1.03 and 1.04.

The judgment is affirmed.

All concur.

SOMERVILLE, J., not participating because not member of court when cause submitted.